**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            Case No.:      3:02-cr-233-J-32MCR

ALGIE MOORE,

        Defendant.
_____/

## **ORDER**

This case is before the Court on Defendant Algie Moore's letter to the Court, dated March 23, 2018, in which he states in pertinent part:

> I have a [sic] unconstitutional sentence – I was sentence [sic] as a career offender – but I did not have at least (3) prior convictions for a <u>violent felony</u> "or a <u>serious</u> drug offense" as those terms are defined in the ACCA –
>
> My sentence should not have enhanced [sic] under the ACCA …. I'm not a career offender (at all) but I was sentence [sic] back in 2003 as one – …

(Doc. 117, Defendant's Letter) (emphasis in original).

Because Defendant is <u>pro se</u>, the Court liberally construes the letter as an effort to collaterally challenge his sentence under 28 U.S.C. § 2255. Contrary to his letter, Defendant was not sentenced under the Armed Career Criminal Act (ACCA). Instead, he was sentenced as a career offender under U.S.S.G. § 4B1.1, following his convictions for one count of possession of crack cocaine with intent to distribute, one count of possession of a firearm by a convicted felon, and one count of possession of a firearm

1

in relation to a drug trafficking crime. (See Doc. 106, Amendment 782 Memorandum at 1, 3; see also Doc. 56, Judgment).

Defendant cannot collaterally attack his sentence now through a § 2255 motion, however. Defendant has twice before filed § 2255 motions to challenge the instant judgment. Defendant's first § 2255 motion, filed in 2005, was denied on the merits. (Case No. 3:05-cv-499-J-32TEM, Doc. 27). The second § 2255 motion, filed in 2016, was dismissed without prejudice because it was an unauthorized second or successive motion. (Case No. 3:16-cv-766-J-32MCR, Doc. 7). After the Court dismissed the second § 2255 motion, Defendant sought leave to file a second or successive motion to vacate, asking the Eleventh Circuit for permission to challenge his conviction under 18 U.S.C. § 924(c) and his career offender sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015). However, the Eleventh Circuit denied Defendant's application because Johnson did not apply to either of his claims. (Doc. 114, USCA Order Denying Application for Leave to File Second or Successive Motion to Vacate).

Defendant's letter, liberally construed as a § 2255 motion, is yet another effort to collaterally challenge his sentence. Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). But the Eleventh Circuit has already denied Defendant's application for leave to file a successive motion to vacate. (Doc. 114). Because the

Eleventh Circuit has not authorized Defendant to file a second or successive motion to vacate, the Court lacks jurisdiction to consider it.

Accordingly, it is hereby **ORDERED:**

Defendant Algie Moore's letter of March 23, 2018 (Doc. 117), construed as a motion to vacate under 28 U.S.C. § 2255, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of April, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Counsel of record
Algie Moore