UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


UNITED STATES OF AMERICA


v.                                                    CASE NO. 3:02-cr-233-J-32MCR


ALGIE MOORE


### UNITED STATES' RESPONSE IN OPPOSITION TO MOORE'S MOTION FOR SENTENCE REDUCTION UNDER SECTION 404 OF THE FIRST STEP ACT

The United States opposes a reduction of Algie Moore's sentence under

the First Step Act of 2018, P.L. 115-391, 132 Stat. 5194, § 404. Doc. 124. The

United States Probation Office's Memorandum, dated January 10, 2020,

("Memorandum"), correctly states that Moore is ineligible for relief because

the First Step Act does not modify his statutory penalties. Nothing in the First

Step Act requires or suggests that this Court should reduce his sentence.

### Background

A grand jury returned a superseding indictment charging Moore with

distribution of crack cocaine (Count One) and possession of crack cocaine

(Count Two), both in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C),

possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2) (Count Three), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four). Doc. 14. Prior to trial, the United States filed an information pursuant to 21 U.S.C. § 851(a)(1) notifying Moore that the United States would seek enhanced penalties because of his prior cocaine conviction. Doc. 22. A jury found Moore not guilty of the distribution charge (Count One), but guilty on all other counts. Doc. 48.

The Probation Office grouped Counts Two and Three. Presentence Investigation Report ("PSR") ¶ 32; USSG §3D1.2(c). Moore was accountable for at least two grams but less than three grams of crack cocaine, which resulted in a base offense level of 20. PSR ¶¶ 16, 23. This amount included conduct for the distribution charge of which the jury found Moore not guilty. *Id.* ¶¶ 7, 9. The firearm guideline was the operative guideline because its base offense level (24) was higher than the crack-cocaine guideline. *Id.* ¶ 33; USSG §3D1.2. The Probation Office determined that Moore was a career offender, which raised his offense level to 34. PSR ¶¶ 35, 38. Moore had not accepted responsibility for his crimes, thus he did not receive a three-level reduction. *Id.* ¶ 14, 37. Moore's total offense level and his criminal history category (VI) produced a guidelines range of 262 to 327 months' imprisonment, followed by a consecutive 60-month term on Count Four. *Id.* ¶¶ 47, 78–79.

This Court held Moore accountable for 1.53 grams of crack cocaine, because the Probation Office's crack-cocaine calculation had included Moore's acquitted distribution conduct. Doc. 66 at 12. This Court sentenced Moore to serve 262 months' imprisonment.[1] *Id.* at 32; Doc. 66. Moore appealed and the Eleventh Circuit affirmed his convictions. Docs. 60, 84.

Now, Moore argues that he is eligible for a reduction and should receive a reduction to time served pursuant to the First Step Act. Doc. 124. The Probation Office's Memorandum correctly states that Moore is not eligible for a reduction because his statutory penalties are not modified by the First Step Act. *See* Memorandum at 1.

**Memorandum of Law**

Section 404 of the First Step Act—the only section applicable here—authorizes this Court "to impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time [a] covered offense was committed."[2] First Step Act of 2018, Pub. L. No. 115-391,

---

[1] The sentence consisted of 262 months on Count Two and 120 months on Count Three to run concurrent, followed by a consecutive 60-month term on Count Four. Doc. 66 at 32.

[2] The Fair Sentencing Act was enacted on August 3, 2010, to reduce the disparity between the amount of powder cocaine and the amount of crack cocaine required to trigger mandatory minimums. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). Offenders who were sentenced *before* the Fair Sentencing Act's enactment were not afforded its benefits. *Dorsey,* 567 U.S. at 281; *see also United States v. Berry,* 701 F.3d 374, 378 (11th Cir. 2012) ("The Supreme Court in *Dorsey* carefully confined

§ 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B) (permitting modification of term of imprisonment when "expressly permitted by statute"). Relief is available only to defendants sentenced for "covered offenses," which the Act defines as "violation[s] of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010[.]" *Id.* at § 404(a).

The First Step Act provides defendants who would have been eligible for relief under the Fair Sentencing Act but for their sentencing date an opportunity—but only an opportunity—to seek relief. It authorizes sentence reductions *as if* today's statutory penalty provisions were in place at the time of sentencing. First Step Act, Pub. L. No. 115-391, § 404(b). That language demonstrates that courts should evaluate sentences as if defendants, at the time of their sentencings, had faced the penalty provisions in the Fair Sentencing Act.

Section 404 does not provide an avenue to escape penalties enhanced pursuant to 21 U.S.C. §§ 841(b)(1) and 851. (Section 401 of the First Step Act modified the types of qualifying prior convictions for sentencing enhancements under 21 U.S.C. §§ 841(b)(1) and 851, but that provision does not apply retroactively and does not apply to reductions authorized by Section

_____

its application of the Fair Sentencing Act to pre-Act offenders who were sentenced after the Act's effective date.").

404. First Step Act, P.L. 115-391, § 401.) Moore's current penalty provision

remains 21 U.S.C. § 841(b)(1)(C), and remains enhanced under sections

841(b)(1) and 851.

### I.      Moore is ineligible for a reduction because his statutory penalties remain unchanged.

Moore is not eligible for a sentence reduction because Section 404 does

not modify his statutory penalties, given the drug quantity he possessed.

Section 2 of the Fair Sentencing Act increased the threshold quantities of crack

cocaine required to trigger different statutory penalties for violations of section

841(a)—from 5 grams to 28 grams for penalties under section 841(b)(1)(B)(iii)

(and from 50 grams to 280 grams for penalties under section 841(b)(1)(A)(iii)).

Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2. The Fair Sentencing

Act did not modify the penalties for violations of section 841(b)(1)(C), which

penalized distribution of crack cocaine and other controlled substances under

Schedules I and II irrespective of quantity.

Moore argues his offense is a covered offense because the Fair

Sentencing Act modified the text of his applicable penalty provision, thus

making him eligible for consideration. Doc. 124 at 6–12. Not so. Eligibility

does not extend to defendants like Moore whose attributable crack-cocaine

quantity remains punishable under the same penalty provision that originally

applied. *See United States v. Means*, 787 F. App'x 999, 1001–02 (11th Cir. Sept.

11, 2019) (affirming district court's denial of a request for a sentence reduction because defendant was attributed with over five kilograms of cocaine which was in excess of the new 280-gram triggering amount) (unpublished).[3]

In defining "covered offense," Congress did not use the word "charge" or "conviction." Rather, mirroring the language of section 841(b), the Act refers to "violations" of section 841(a). First Step Act, § 404(a) ("the term 'covered offense means a violation of a Federal criminal statute"). This is significant for two reasons.

First, "[t]he words 'violates' and 'violations' are words that have a legal ring. A 'violation' is not simply an act or conduct; it is an act or conduct that is contrary to law." *Richardson v. United States*, 526 U.S. 813, 818 (1999) (citing Black's Law Dictionary 1570 (6th ed. 1990)). The word "violation," given its natural meaning, refers to a defendant's actual criminal conduct. Had Congress intended to bind this Court by what Moore was charged with or necessarily convicted of, it would have said so, as it has in other statutes. *Cf. Descamps v. United States*, 570 U.S. 254, 267–68 (2013) (observing that the ACCA's reference to "previous convictions" shows that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts

---

[3] Unpublished opinions of the Eleventh Circuit constitute persuasive, but not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

underlying the prior convictions.").

Second, reading the word "violation" in the First Step Act as referring to the defendant's actual conduct and attributable quantity, as determined by the sentencing court, is consistent with how courts have unanimously interpreted section 841(b), which also refers to "violations" of section 841(a). *See United States v. Sanchez*, 269 F.3d 1250, 1266–68 n.30 (11th Cir. 2001), *abrogated in part by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005) (en banc).

"The word 'which' in this definition of 'covered offense' modifies 'violation of a Federal criminal statute.' The 'violation' of the criminal statute is the criminal conduct; the violation is not the indictment." *United States v. Blocker*, 378 F. Supp. 3d 1125, 1129 (N.D. Fla. Apr. 2019). Under this "offense-controls" theory, a defendant is eligible for a sentence reduction only if his offense involved a drug quantity whose statutory penalty changed under the Fair Sentencing Act.[4] The statutory penalty of Count Two—which

---

[4] Many district courts have adopted this offense-conduct-controls approach. *See, e.g., United States v. Wright*, No. 8:03-cr-343-T-30AAS, Doc. 338 (M.D. Fla. Oct. 8, 2019) (J. Moody) (relief denied because attributable drug weight does not modify statutory penalty); *United States v. Brown*, No. 6:01-cr-118-Orl-22GJK, Doc. 295 (M.D. Fla. Oct. 1, 2019) (same) (J. Conway); *United States v. Ford*, Case No. 3:97-cr-314-J-20JRK, Doc. 480 (M.D. Fla. July 31, 2019) (same) (J. Schlesinger); *United States v. Wilson*, Case No. 8:07-cr-399-T-30TGW, Docs. 55, 60 (M.D. Fla. June 27, 2019) (same) (J. Moody); *United States v. Samuel*, No. CR 402-282, 2019 U.S. Dist. LEXIS 143793 (S.D. Ga. Aug. 23, 2019) (same); *United States v. Dennis*, No. 06-00108-KD-B, 2019 WL 3936449 (S.D. Ala. Aug. 20, 2019) (same); *United States v.*

involved 1.53 grams crack cocaine, punishable under section 841(b)(1)(C)—
did not.

Section 404(a) limits a "covered offense," eligible for relief, to "a
violation of a Federal criminal statute, the statutory penalties for which were
modified by section 2 or 3 of the Fair Sentencing Act of 2010." The phrase
"the statutory penalties for which were modified" cannot refer to the "Federal
criminal statute" because section 841(b)(1)'s statutory penalties were not
modified by the Fair Sentencing Act. They remain the same today as when the
Moore was originally sentenced.

As the Eleventh Circuit recently noted, "section 2 of the Fair
Sentencing Act reduced the disparity between the quantities of crack cocaine
and powder cocaine *required to trigger the statutory penalties* prescribed by 21
U.S.C. §§ 841(b)(1)." *United States v. Foley*, No. 19-11847, 2020 WL 104349, *1
(11th Cir. Jan. 9. 2020) (unpublished) (emphasis added). Because the only
manner in which section 2 of the Fair Sentencing Act modified sections
841(b)(1)(A) and (B) was to raise the crack amounts required to trigger the
same statutory penalties, First Step Act eligibility must turn on whether

---

*Howard*, No. 8:06CR384, 2019 U.S. Dist. LEXIS 109055, *3–4 (D. Neb. June 28,
2019) (same); *United States v. Banuelos*, No. 02-cr-084, 2019 WL 2191788 (D.N.M.
May 21, 2019) (same; to avoid disparity, would also deny relief as a matter of
discretion); *United States v. Haynes*, No. 8:08cr441, 2019 WL 1430125, at *2 (D. Neb.
Mar. 29, 2019) (same); *Potts*, 2019 WL 1059837 at *2 (same).

section 2 modified the statutory penalties triggered by the crack amount

involved in a defendant's "violation." Examining whether the statutory

penalties for the "violation" have been modified is also consistent with the

Court's unpublished decision in *Means*, 787 F. App'x 999, which tied

eligibility for relief to the defendant's actual drug amount.

Admittedly, some courts have held that determining eligibility of a

covered offense requires looking no further than the "offense of conviction."

*United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. Apr. 5, 2019). One such

court submits that eligibility lies within the "four corners of the indictment,"

*United States v. Davis*, ECF No. 2245 in 4:92cr4013-WS (N.D. Fla. March 6,

2019). Indeed, courts within the Middle District of Florida have ruled that

basing eligibility on attributable drug weight holds defendants "accountable

for statutory penalties that were not in effect when they were convicted."

*United States v. Allen*, No. 8:00-cr-378-T-26AAS, Doc. 69 at 18 (J. Lazzara); *see*

*also United States v. Mikell*, No. 8:94-cr-133-T-26EAJ, Doc. 374. But this

"indictment-controls theory misreads the statute and is demonstrably

inconsistent with Congress's intent." *Blocker*, 378 F. Supp. 3d at 1129. And

other courts, with little or no discussion and sometimes with the government's

concession, have concluded that the determination of whether the Fair

Sentencing Act modified the statutory penalties for a defendant's violation of

9

section 841(a) should be made based on the threshold quantity charged and not the quantity established by the record. *See, e.g.*, *United States v. Johnson*, 2019 WL 1186857 (W.D. Va. 2019); *United States v. Clarke*, 2019 WL 1140239 (W.D. Va. 2019). Lacking any substantive analysis and relying upon government concessions, these decisions have no persuasive force.

In *United States v. Davis*, 2019 WL 1054554 (W.D.N.Y. 2019), the court concluded that the "plain language" of the First Step Act "is determined by examining the statute that the defendant violated." But that court's reading of the "plain language" of the First Step Act is at odds with the Eleventh's Circuit's statutory construction of section 841(b). And in considering eligibility to be bound within the "four corners of the indictment," the *Davis* court relied on *United States v. Carrozza*, where the First Circuit stated, for purposes of a RICO prosecution, that "the statutory maximum sentence must be determined by the conduct alleged within the four corners of the indictment. … The relevant conduct determination … affects only where, within that statutory range, [a defendant] should be sentenced." 4 F.3d. 70, 81 (1st Cir. 1993). But *Carrozza* is inconsistent with the Eleventh Circuit's contrary interpretation of the relationship between sections 841(a) and 841(b), as previously discussed. Moreover, the passage quoted above stands for the proposition that regardless of which crimes his

10

relevant conduct may include, a defendant cannot be sentenced to more than the statutory maximum prescribed for his count of conviction. *Id.* at 81.

Congress intended for courts to assess eligibility by taking a case-specific approach focused on the actual violation at issue. A violation of section 841(a) occurs "without regard to the nature and quantity of the controlled substance." *United States v. Cross*, 916 F.2d 622, 623 (11th Cir. 1990); *see also Sanchez*, 269 F.3d at 1267 ("Congress decided that the elements of a § 841 offense do not include the weight of the drugs."). The penalties for a section 841(a) offense are dictated by section 841(b), which sets forth a "host of sentencing factors, including drug types and quantities," that dictate the applicable sentencing range. *Id.* at 1264–65. The plain language of section 841(b) makes clear that the penalty is determined based on the quantity of the controlled substance involved in the violation. Thus, as a constitutional matter, the "sentencing factors" that section 841(b) enumerates are elements that must be found by a jury beyond a reasonable doubt. As a matter of statutory interpretation though, Congress intended them to reside within the purview of the sentencing court. *See id.* So too with the First Step Act.

11

If, as is the case here, the defendant's "violation" involved a quantity of crack cocaine that would have triggered the same penalty after enactment of the Fair Sentencing Act, then that defendant's "violation" is not one for which the statutory penalties were modified by the Fair Sentencing Act. Consequently, the court did not impose a sentence for a "covered offense," and the defendant is ineligible for a reduced sentence. Moore's contrary reading of the First Step Act and the definition of a covered offense not only undermines the statutory text, but also conflicts with Congress's manifest intent.

This Court should not disregard its finding at sentencing that Moore was responsible for 1.53 grams of crack cocaine. Doc. 66 at 12. Indeed, the Eleventh Circuit has held that courts should leave previous drug-quantity findings intact in deciding whether to reduce a defendant's sentence. *See Cothran v. United States*, 106 F.3d 1560, 1563 (11th Cir. 1997); *United States v. Cherry,* 326 F. App'x 523, 527 (11th Cir. 2009) (district court in reviewing section 3582(c)(2) motion did not have authority to reexamine amount of drugs for which the defendant was responsible).

As a result, Moore's attributable drug quantity in Count Two remains punishable under section 841(b)(1)(C) because the Fair Sentencing Act did not modify the penalties for violations of section 841(b)(1)(C). Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2, 3. Therefore, Count Two is not a covered offense under the First Step Act. *Foley*, 2020 WL 104349 at *1 (section 841(b)(1)(C) convictions not eligible for reductions because penalty was not modified by the Fair Sentencing Act); *see also United States v. Barnett*, N. 6:08-cr-269-Orl-18KRS, Doc. 88 (M.D. Fla. Feb. 26, 2020) (same) (J. Sharp); *United States v. Beltran*, No. 2:08-CR-88-FTM-29MRM, 2019 WL 6044899, at *2 (M.D. Fla. Nov. 15, 2019) (appeal pending) (same) (J. Steele); *United States v. Cunningham*, Case No. 6:06-cr-32-Orl-28GJK, Doc. 156 (M.D. Fla. Sept. 20, 2019) (appeal pending) (same) (J. Antoon). For these reasons, this Court should deny Moore's request for a reduction in his sentence.

## II.    Even if this Court were to find Moore eligible for a reduction, his disciplinary history militates against a discretionary reduction.

Moore claims he now thinks before he acts and has "matured into a man, who's not the same person" as when this Court sentenced him 16 years ago. Doc. 124-2 at 1. His prison disciplinary history suggests differently. In assessing whether to grant a discretionary reduction, this Court should consider Moore's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 490–93 (2011). Moore has accumulated more than 40 disciplinary

violations during his incarceration including stabbing another inmate as

recently as October 2017. His criminal history while in custody draws striking

similarities to his criminal history before his arrest in this case and show that

Moore still presents a significant danger to the community. *See generally*

Attachment; PSR ¶¶ 39–43. Most of his insubordinate behavior has been

directed towards BOP staff members and were either violent or sexual in

nature.

| Disciplinary Violation | Date of Incident |
|---|---|
| Assaulting with serious injury*[5] | 10/4/2017 |
| Assaulting without serious injury* | 4/1/2015 |
| Being insolent to staff | 5/28/2015 |
| Engaging in sexual acts* | 4/26/2015 |
| Interfering with security devices* | 4/1/2015 |
| Assault without serious injury* | 9/3/2014 |
| Refusing to obey an order | 9/3/2014 |
| Assault without serious injury* | 9/3/2014 |
| Engaging in sexual acts* | 8/22/2013 |
| Engaging in sexual acts* | 8/17/2013 |
| Engaging in sexual acts* | 4/1/2013 |
| Being in an unauthorized area | 8/3/2012 |
| Engaging in sexual acts* | 1/30/2011 |
| Engaging in sexual acts* | 1/27/2011 |
| Assault without serious injury* | 11/19/2010 |
| Engaging in sexual acts* | 7/15/2010 |
| Assault without serious injury* | 10/17/2010 |
| Possessing a dangerous weapon* | 5/15/2010 |
| Refusing to obey an order | 11/19/2010 |
| Possessing a dangerous weapon* | 12/16/2009 |
| Engaging in sexual acts* | 12/16/2009 |

---

[5] The asterisk denotes the BOP's most serious prohibited acts. *See* https://www.bop.gov/policy/progstat/5270_009.pdf BOP Policy No. 5270.09, Table 1 (last accessed March 4, 2020).

| Disciplinary Violation | Date of Incident |
|---|---|
| Engaging in sexual acts* | 8/12/2009 |
| Refusing to obey an order | 6/14/2009 |
| Interfering with taking count | 6/14/2009 |
| Engaging in sexual acts* | 4/12/2009 |
| Assaulting without serious injury* | 11/22/2007 |
| Engaging in sexual acts* | 8/22/2007 |
| Failing to stand count | 9/3/2007 |
| Possessing a dangerous weapon* | 8/22/2007 |
| Refusing to obey an order | 3/19/2007 |
| Interfering with staff | 3/19/2007 |
| Refusing to obey an order | 1/20/2007 |
| Engaging in sexual acts* | 10/25/2006 |
| Refusing to obey an order | 10/25/2006 |
| Engaging in sexual acts* | 7/18/2006 |
| Indecent exposure | 7/18/2006 |
| Being insolent to staff | 4/18/2006 |
| Lying or falsifying statement | 9/21/2005 |
| Being insolent to staff | 9/21/2005 |
| Threatening bodily harm* | 6/20/2005 |
| Being insolent to staff | 6/20/2005 |
| Being absent to staff | 7/29/2004 |
| **Total Disciplinary Violations: 42** | |

This Court stated at sentencing that Moore had been "unable to comply with … the law since he was 13 years old." Doc. 66 at 30. It has been 16 years since this Court's observation, and Moore is still unable to comply with the law. For example, Moore has repeatedly threatened and assaulted BOP staff. Attachment at 2, 7–8, 16, 18, 27, 40. In one instance, Moore assaulted BOP staff twice just hours apart from each other. *Id.* at 7–8. He has also been sanctioned 13 times for engaging in sexual acts—one of which included masturbating in front of a female counselor while in the Special Housing

15

Unit[6]. *Id.* at 4, 9, 11–12, 14–15, 17, 22–23, 25–26, 28, 33, 35. Moore denied seven of the thirteen violations, which suggests that he continues to avoid accepting responsibility for his behavior. *Id.* at 9, 11–12, 22, 25, 33, 35. Most recently, Moore stabbed another inmate causing the inmate serious injury. *Id.* at 1.

Moore's disciplinary actions suggest that he has yet to conform to the rules and regulations of the prison system, his potential to reoffend is great, and that he may pose a danger to the public if this Court grants him early release. His post-sentencing conduct militates against granting him a reduced sentence. *See* 18 U.S.C. § 3553(a); *United States v. Carter*, 541 F. App'x 957, 960 (11th Cir. 2013) (denying a § 3582(c)(2) sentence reduction based, in part, on defendant's post-conviction disciplinary record, "which raised legitimate concerns about recidivism and public safety in the event of Carter's early release."). Each of these violations demonstrate a continuation of the behaviors that led to Moore's current incarceration. This Court should deny him a reduction.

---

[6] These are far from the defendant's first sexual offenses while in custody. His 1999 Felony Conviction for *Battery in a Detention Facility* related to his sexual assault of a fellow inmate whom he sodomized with a broom stick. See PSR at paragraph 43.

### III.    No hearing is required.

Moore is not entitled to a hearing on his reduction motion. Nothing in the First Step Act or 18 U.S.C. § 3582(c)(1)(B) authorize plenary resentencing. *See* First Step Act, § 404(c). The law is well-settled that a "defendant is not entitled to a full resentencing during a § 3582(c) proceeding." *United States v. Cole*, 417 F. App'x 922, 923 (11th Cir. 2011); *see United States v. Ramirez-Castillo*, 335 F. App'x 888, 889 (11th Cir. 2009) (a section 3582(c) proceeding does "not constitute a full resentencing of the defendant" (quotation marks omitted)). Section 3582(c) "does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 781–82 (11th Cir. 2000) (stating that a court's discretion has "clearly been cabined in the context of a Section 3582(c) sentencing reconsideration"). "[A]ll original sentencing determinations remain unchanged" in a section 3582(c) proceeding. *Cole*, 417 F. App'x at 923 (emphasis and quotation marks omitted); *United States v. Glover*, 377 F. Supp. 3d 1346, 1356–57 (S.D. Fla. 2019), *appeal pending* No. 19-11742 (filed May 2, 2019) (First Step Act does not entitle defendants to *de novo* resentencing); *United States v. Potts*, No. 2:98-CR-14010, 2019 WL 1059837, at *2 (S.D. Fla. Mar. 6, 2019) (same).

In denying resentencing under the First Step Act, the *Glover* court observed that the Federal Rules of Criminal Procedure support the proposition that section 3582(c)(1)(B) is "a narrow exception to the rule of finality that does not allow for a full *de novo* resentencing." 377 F. Supp. 3d at 1357. Rule 43 requires a defendant's presence at "sentencing," but does not require that a defendant be present if "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(a)(3), (b)(4); *see Dillon v. United States*, 560 U.S. 817, 827–28 (2010) (observing that, under Rule 43(b)(4), a defendant need not be present at a sentence-modification proceeding under section 3582(c)(2)); *cf. United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) (district court may rely on post-sentencing conduct in a sentence-modification matter under section 3582(c) without holding a hearing, as long as both parties have an opportunity to contest the new information).

**Conclusion**

Moore is ineligible for a reduced sentence because retroactive

application of the Fair Sentencing Act does not reduce his applicable

penalties. Even if he were eligible, Moore's disciplinary history in the BOP

militates against a discretionary reduction. Nothing in the First Step Act

requires or suggests that this Court should reduce his sentence, and this

Court should deny Moore's motion for a sentence reduction under the First

Step Act.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney


By:    */s/ Craig R. Gestring*
Craig R. Gestring
Assistant United States Attorney
Florida Bar No. 19106
400 N Tampa Street, Suite 3200
Tampa Florida   33602
Telephone: (813) 274-6000
Facsimile:    (813) 274-6178
E-mail:Craig.Gestring@usdoj.gov

**U.S. v. Algie Moore**                    **Case No. 3:02-cr-233-J-32MCR**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2020, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to the defense counsel of records.

*/s/ Craig R. Gestring*
Craig R. Gestring
Assistant United States Attorney
Florida Bar No. 19106
400 N Tampa Street, Suite 3200
Tampa Florida   33602
Telephone: (813) 274-6000
Facsimile:    (813) 274-6178
E-mail:Craig.Gestring@usdoj.gov
