## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                               Case No. 3:02-cr-233-J-32MCR

ALGIE MOORE

_____

## O R D E R

This case is before the Court on Defendant Algie Moore's Motion for Sentence Reduction Pursuant to the First Step Act of 2018. (Doc. 124). In the motion, Moore argues, through counsel, that he is eligible for a sentence reduction with respect to his conviction on Count Two: possession of a detectable amount of cocaine base with intent to distribute, in violation 21 U.S.C. §§ 841(a) and (b)(1)(C) (2002). (See Doc. 56).[1] The Government contends that Moore is ineligible for relief because, based on the amount of crack cocaine attributed to him, his statutory penalties are the same. (Doc. 125).

Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, made retroactive the reduction in statutory penalties implemented by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. "The [Fair

---

[1]     Moore was also convicted of possession of a firearm by a convicted felon (Count Three of the indictment) and possession of a firearm in relation to a drug trafficking crime (Count Four). (Id.). The Court sentenced Moore to a total term of 322 months in prison, consisting of concurrent terms of 262 months and 120 months as to Counts Two and Three, respectively, and a consecutive term of 60 months as to Count Four.

Sentencing] Act increased the § 841(b) drug amounts triggering the statutory penalties under § 841(b)(1)(B) from 5 to 28 grams or more of crack cocaine and the statutory penalties under § 841(b)(1)(A) from 50 to 280 grams or more of crack cocaine. [It] did not expressly make any changes to § 841(b)(1)(C) . . . ." United States v. Harris, 807 F. App'x 896, 897 (11th Cir. 2020).

Central to Moore's argument is the contention that because "Mr. Moore was sentenced for a violation of a statute amended by the Fair Sentencing Act, the First Step Act provides the statutory authority for this Court to reduce his sentence." (Doc. 124 at 6). Moore recognizes that the Fair Sentencing Act did not expressly amend § 841(b)(1)(C). Instead, he reasons that the Fair Sentencing Act implicitly did so because by increasing the minimum crack cocaine quantity required for § 841(b)(1)(B)'s penalty provision from 5 grams to 28 grams, the law increased the ceiling quantity for § 841(b)(1)(C) to anything below 28 grams. (See Doc. 124 at 6-12). Thus, Moore contends that the Fair Sentencing Act amended § 841(b)(1)(C) as well, such that Moore's crime is a covered offense.

In United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), the Eleventh Circuit held that "[a] movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties. Section two of the Fair Sentencing Act, the only section applicable [here], modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of

crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." <u>Id.</u> at 1298. Notably, the court wrote that the First Step Act's definition of a covered offense "refers to the crack-cocaine offenses for which sections <u>841(b)(1)(A)(iii) and (B)(iii)</u> provide the penalties. Those provisions are two of the statutory provisions that apply to violations of section 841(a), <u>and they are the only provisions that the Fair Sentencing Act modified</u>." <u>Id.</u> at 1300 (emphasis added). Thus, according to the Eleventh Circuit, a movant "committed a covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." <u>Id.</u> at 1301. Consequently, a conviction involving only a detectable amount of crack cocaine under § 841(b)(1)(C) is not a covered offense. <u>See</u> <u>id.</u> at 1302 ("Moreover, taken to its logical end, the movants' argument would mean that a movant convicted before <u>Apprendi</u> is ineligible for relief under the First Step Act because the Fair Sentencing Act did not modify the statutory penalties for offenses involving only a detectable amount of crack cocaine."). Indeed, the Eleventh Circuit has repeatedly rejected the argument that a crack-cocaine conviction under § 841(b)(1)(C) is a covered offense within the meaning of Section 404 of the First Step Act. <u>United States v. Beltran</u>, — F. App'x —, 2020 WL 5290514, at *2 (11th Cir. Sep. 4, 2020); <u>United States v.</u>

Cunningham, — F. App'x —, 2020 WL 4932285, at *2 (11th Cir. Aug. 24, 2020); United States v. Foley, 798 F. App'x 534, 536 (11th Cir. 2020).[2]

Because Moore's conviction for Count Two (possession with intent to distribute a detectable amount of crack cocaine) fell under 21 U.S.C. § 841(b)(1)(C), it is not a covered offense under § 404(a) of the First Step Act.

Accordingly, it is hereby **ORDERED:**

Defendant Algie Moore's Motion for Sentence Reduction Pursuant to the First Step Act of 2018 (Doc. 124) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:

Craig Robert Gestring, AUSA
Juliann Welch, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

---

[2]     Although the defendant-appellant in Foley was pro se, the defendant-appellants in Beltran and Cunningham were represented by counsel.