UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:02-cr-233-J-32MCR

ALGIE MOORE  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Algie Moore is a 39-year-old inmate incarcerated at Coleman I USP, serving a 322-month term of imprisonment for the possession of cocaine base with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm in relation to a drug trafficking crime. (Doc. 56, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on July 10, 2027. Defendant seeks compassionate release because he claims his facility is a hotspot for Covid-19, because the facility does not provide for adequate social distancing or personal protective equipment (PPE), and because he has asthma. (Doc. 136, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). Although Covid-19 is a serious pandemic, Defendant is 39 years old and the only underlying condition he claims to have is asthma. According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that are known to increase the risk for serious illness.[1] While the Court accepts Defendant's assertion that he has asthma, there is no evidence that his asthma falls into the moderate-to-

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

severe category. Moreover, Defendant acknowledges that his asthma is treated with two types of inhalers: albuterol and mometasone furoate. (Doc. 136 at 6). Defendant's relatively young age, the lack of evidence that he has a serious medical condition, and the fact that he receives treatment for his asthma weigh against finding extraordinary and compelling circumstances. Indeed, the warden denied Defendant's request for a reduction-in-sentence, concluding that his "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." (Doc. 136-1 at 3).

Moreover, the conditions at Coleman I USP do not rise to the level of extraordinary and compelling circumstances. By their nature, prisons are difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent or another. The state of affairs at Coleman I USP is not exceptional compared to other prisons. According to the BOP's latest data, six inmates and 31 staff members are positive for coronavirus; 89 inmates and 14 staff members have recovered; and zero inmates or staff members have died of Covid-19.[2] That Coleman I USP has seen some inmates and staff infected with Covid-19, either alone or in combination with Defendant's asthma, is not an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).[3]

---

[2] https://www.bop.gov/coronavirus/. Last accessed December 9, 2020.

[3] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020).

3

In any event, the Court cannot certify that Defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2). The offenses of conviction were serious: possession of cocaine base with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm in relation to a drug trafficking crime. But Defendant also has a criminal history that suggests a pattern of violence. As a juvenile, he twice pleaded guilty to aggravated battery and was adjudicated delinquent. (Presentence Investigation Report (PSR) at ¶¶ 39, 40). At age 13, he kicked and punched a student, without provocation, to the extent that the student suffered cerebral hemorrhaging. (Id. at ¶ 39). At age 14, he was arrested after shooting three individuals with a BB gun. (Id. at ¶ 40). As an adult, he was convicted of the following: possession of cocaine (April 1999); battery on a law enforcement officer and fleeing and attempting to elude police (July 1999); and battery in a detention facility (December 1999). (Id. at ¶¶ 41–43). With respect to battery on a law enforcement officer and fleeing and attempting to elude, Defendant struck a police officer in the leg with his vehicle while fleeing a traffic stop, and he was eventually detained by a K-9 unit. (Id. at ¶ 42). With respect to battery in a detention facility, Defendant and two others pulled a fellow inmate into a cell, held him down, and sodomized him with a broomstick. (Id. at ¶ 43). After the victim broke free and ran out of the cell, "the defendant ran behind the victim with his penis exposed and began to rub his penis on the victim's exposed buttocks and back. The

---

The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

4

victim was transported for medical attention to Shands of Jacksonville." (Id.).

The Court recognizes that Defendant was young when he committed the prior offenses and that he experienced a difficult upbringing. However, Defendant's pattern of committing violent acts has continued while in BOP custody. The Court takes notice of the briefs filed in this case regarding Defendant's motion for a sentence reduction under Section 404 of the First Step Act. In response to Defendant's Section 404 motion, the United States submitted 42 pages' worth of BOP disciplinary history. (Doc. 125-1, BOP Disciplinary Records). Between 2004 and 2017, Defendant accumulated 42 disciplinary infractions, ranging from insolence to staff members to engaging in sexual acts to assaulting an inmate resulting in serious injury. (Doc. 125 at 14–15; Doc. 125–1). In the most recent incident, from October 2017, Defendant was found guilty of stabbing another inmate. (Doc. 125–1 at 1). The facts suggest that, were Defendant to be released at this time, he would pose an unacceptable risk of danger to the public.

Accordingly, upon review of the Motion and the record, Defendant Algie Moore's Motion for Compassionate Release (Doc. 136) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of December, 2020.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Defendant